The opinion of the Court was delivered by
Duncan, J.
There is only one point in this cause. Where á witness is contradicted, and evidence given to impeach his character, can evidence be given of what he swore on a former trial, to show his constancy and corroborate him?
It consists with my own experience, that such evidence has been constantly received, and it .appears from the cases cited, by the counsel of plaintiff in error, that whenever the matter has come before our courts, it has been conceded by counsel, and allowed by the court, that evidence may be given of declarations without path of the witness, to corroborate his evidence whenever its truth has been called in question.
The recent dicta, that for the purpose of impugning the testimony of a witness, his declaration at another time may be inquired into, but not for the purpose of confirming his evidence, are in direct opposition to all adjudged cases, and as it appears to me the distinction is without any foundation in reason. The earliest caséis Lutterell v. Reynell & al. 1 Mod. 282, and the reason of that case and its spirit was, to prove his consistency, his constancy whenever his testimony is assailed. There several witnesses were received and allowed, to prove “that Mr. Maynard, the witness, did at several times discourse and declare, the same thing, and to the like purpose, that he then testified,” and the Lord Chief Baron said, “ though hearsay will not be allowed as a direct evidence, yet it might be made use of to prove that Mr. Maynard was constant to himself, whéreby his testimony, was corroborated.” Gilbert in his Treatise on ,.Evidence, p. 135, following the case of Lutterell, thus expresses himself. “ Though hearsay be not allowed as direct evidence, yet it may be in corroboration of a witness’s testimony, to show that he affirmed the same thing before on other occasions, and that the witness is still consistent with himself; for such evidence is only in support of the witness that gives in his testimony upon oath.” Many cases will be found in the state trials, where it was so admitted. In 2 Hawk, 605, the law is laid down in the same way; but Sergeant Hawkins states the matter with more fullness, in sect. 9 he says, “ it seems to be agreed, that where a witness at one trial varies from his own evidence at another in relation to the same matter, such evidence may be given to corroborate his testimony at the second,” and continues the sub* *324 ject of hearsay evidence in page 607, sect. 16, “ what a witness has been heard to say at another time, may be given in evidence, either to corroborate or confirm the testimony he has given in court.” It is impossible to misapprehend the extent to which the rule of hearsay evidence is considered by this learned author, his opinion is too plain to admit of misconstruction. Down to the sixth edition of Butter's Nisi PriuSj (this edition I cannot find here,) it is stated in the broadest terms,. “ that though hearsay be not allowed as direct evidence,- yet it may be admitted to show that he affirmed the same thing before on another occasion, and that he is still consistent with himself. Butt. 5th ed. 294. In the 6th edition page 294, it is added, “ but clearly it is not evidence in chief, and it seems doubtful whether it is so in reply or not, and cites Hollidays. Sweeting, M. 16, Geo. 3. To strengthen the case in 1 Mod. we have the high authority of Gilbert, of Hawkins, and of Butter, and to oppose this we have the doubt of the last editor of Butter referring to a case which 1 have not been able to find in the reports of that day.
Mr. Phillips in his most excellent treatise on the law evidence, 1 Phil!. Evi. 212, 213, doubts of its being evidence in reply, statihg it to be a doubt of judge Butter's. If the doubt was a doubt of Judge Butter's, and not of his editor, it was not a doubt he entertained when he wrote his book. He likewise questions, with more plausibility I think, than solidity, the propriety of admitting such evidence where evidence had been before given of a different statement of facts by the witness.
M'Nally, 2 M'Nally's Evid. 27S, states it as a fact, that though the rule laid down in Lutterett's case was strongly contested, in all the trials for treason in Ireland, from 1795 to 1798, yet the judges held that the evidence might be received to prove the consistency of the witnesses, from the consistency of facts or acts given by them of the same transaction, and it was likewise done where the evidence was impeached on account of the character of the witness. I state this to show, that die rule in Lutterett's case still prevails, and that whatever may be the doubts of compilers, courts adhere to it.
Where a rule of evidence has long prevailed, I would not deviate from it, on mere speculative reasons, and I own I have not felt the cogency of the argument against the generality of the rule, ' that where the eyidence is not offered in chief, but confirmatory of what a witness has sworn, either where his credit is impeached by attacking his character, the inconsistencies of his declarations, or where his evidence is impugned by contradictory, proof, it is admissible. The last I consider as one of the strongest reasons for admitting it. For if a man takes upon him to remember things long since transacted, where the matter itself is frivolous, he might be supposed to swear rashly, and it would tend somewhat to confirm him where he is contradicted, to show, that immediately after the *325 transaction he related the fact as he did on the trial. ■ There the reason for admission of this hearsay evidence applies with peculiar force, it proves the witness to be consistent, and constant with himself, and in the search after truth, which is the end of all evidence, it appears to me that this kind of confirmation would be of some weight, and would assist the jury in weighing the evidence when contradictory, and forming a judgment in which scale the truth was.
For these reasons I am of opinion that the evidence ought to have been admitted, and the judgment reversed.
Judgment reversed, and a venire facias de novo awardéd.-